UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. ROSEMAN,

        Plaintiff,        Civil Action No. 18-cv-13042
                                  Honorable David M. Lawson
                                  Magistrate Judge David R. Grand

v.

INTERNATIONAL UNION, et al,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTIONS [25, 26, 36, 48]**

*Pro se* Plaintiff John L. Roseman ("Roseman") filed suit in this matter on September 28, 2018. (Doc. #1). He alleges numerous violations of his rights, including violations of the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1964, and intentional infliction of emotional distress, among others, all arising from his employment with Defendant FCA, and his membership in Defendant International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("UAW"). (Doc. #1). Roseman filed a first amended complaint on October 15, 2018. (Doc. #9). That one, like his original complaint, asserted claims only against FCA and the UAW.

On November 9, 2018, Roseman filed a motion for partial summary judgment as to certain claims he asserted against FCA in his first amended complaint. (Doc.

1

#26). On November 30, 2018, FCA filed a document entitled, "Defendant FCA US LLC's Response to Plaintiff's Motion for Partial Summary Judgment and Its Cross-Motion for Summary Judgment." (Doc. #36). Thus, FCA's motion for partial summary judgment addresses claims in Roseman's first amended complaint.

On November 9, 2018, the UAW filed a motion to dismiss, asserting that Roseman "has sued the wrong party," and suggesting that, to the extent Roseman believes he has claims against any union entities, those claims would be against the "local" unions, not the UAW. (Doc. #25). On November 16, 2018, apparently in response to the UAW's motion, Roseman filed a "Motion for Joinder of Additional Defendants," in which he explains that he wished to *add* UAW Local 140 and UAW Local 1700 as defendants in this action, but also wished to maintain claims against the UAW. (Doc. #30). Particularly in light of Roseman's *pro se* status, this motion is more properly construed as a motion for leave to file an amended complaint. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). *See also* Doc. #35 at 3 ("What Plaintiff is apparently attempting is to amend to add new parties, i.e., UAW Local 140 and UAW Local 1700.").

In its response to Roseman's motion, UAW suggested that Roseman should simply file an amended complaint, asserting (incorrectly, as UAW now recognizes) that Roseman did not need leave of court to do so. (Docs. #35 at 3-4; #46 at 11 n.1). Roseman took the UAW up on its suggestion, and, on December 16, 2018, without

moving for or obtaining leave of court, he filed a second amended complaint which included claims against FCA, UAW, and two local unions with which Roseman was allegedly affiliated, UAW Local 140 and UAW Local 1700 (the "Local Unions"). (Doc. #40) (the "Second Amended Complaint").

On January 4, 2019, UAW filed a motion to strike Roseman's Second Amended Complaint, arguing that he improperly filed it without obtaining leave of court. (Doc. #46). On January 8, 2019, the Local Unions filed a motion to dismiss the Second Amended Complaint, arguing that Roseman did not obtain leave of court to file it, and that they were not properly served with that pleading. (Doc. #48).

On January 22 and 24, 2019, the Court held informal telephone conferences with Roseman and counsel to the Defendants to discuss the above-referenced motions, including ways in which they could be resolved expeditiously, while allowing this action to proceed in an efficient manner.[1] It was agreed that the Court would treat Roseman's Motion for Joinder of Additional Defendants **(Doc. #30)** as a motion for leave to file a second amended complaint, and accept Roseman's subsequently-filed Second Amended Complaint **(Doc. #40)** as the operative complaint in this case, provided that all Defendants would have until March 25, 2019, to answer or otherwise respond to the Second Amended Complaint.

---

[1] The undersigned was previously referred all pretrial matters pursuant to 28 U.S.C. § 636(b). (Doc. #12).

Accordingly, on today's date the Court has issued a separate order: (1) construing Roseman's Motion for Joinder of Additional Defendants **(Doc. #30)** as a motion for leave to file his Second Amended Complaint **(Doc. #40)**; (2) accepting the Second Amended Complaint **(Doc. #40)** as the operative complaint in this case; (3) allowing Defendants until March 25, 2019, to answer or otherwise respond to the Second Amended Complaint; and (4) denying as moot Defendant UAW's Motion to Strike Amended Complaint **(Doc. #46)**.  (Doc. #53).

In light of those rulings, the Court **RECOMMENDS** that the following motions be **DENIED AS MOOT WITHOUT PREJUDICE:** Defendant UAW's Motion to Dismiss **(Doc. #25)**; Roseman's Motion for Partial Summary Judgment **(Doc. #26)**[2]; Defendant FCA's Motion for Partial Summary Judgment **(Doc. #36)**[3];

---

[2] Although Roseman's motion for partial summary judgment should be denied as moot because it pertains to a complaint that has been superseded, the Court notes that his motion fundamentally fails to show his entitlement to summary judgment on the claims in question – intentional infliction of emotional distress ("IIED") and "vicarious liability" against FCA.  As this Court previously explained in its Report and Recommendation on Roseman's motion for temporary restraining order (Doc. #31 at 12-13), to prevail on his IIED claim, Roseman must prove: (1) extreme or outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Hayley v. Allstate Ins. Co.*, 262 Mich. App. 571, 577 (2004).  This Court analyzed the very evidence on which Roseman's motion for partial summary judgment rests, and found that it fell far short of showing "extreme or outrageous conduct." (Doc. #31 at 13).  Because the Court found that Roseman's IIED claim was unlikely to succeed on the merits (*id.*), it follows that he is not entitled to summary judgment on that claim at this early stage of the litigation. *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986).  Moreover, "vicarious liability" is merely "a means to impose [] liability on an employer for the acts of an employee, not a standalone cause of action." *Wright v. N. Am. Terrazo*, No. C12-2065JLR, 2013 WL 441517, at *2 (W.D. Wash. Feb. 5, 2013) (citing Restatement (Third) of Agency § 2.04).  Thus, Roseman is not entitled to summary judgment as to that "claim."

[3] Because FCA's motion for partial summary judgment was filed prior to the filing of Roseman's Second Amended Complaint, even if that motion addresses verbatim allegations contained in a

4

and Defendants UAW Local 140 and UAW Local 1700's Motion to Dismiss **(Doc. #48)**.

Dated: January 29, 2019  　　　　　　　　s/David R. Grand
Ann Arbor, Michigan 　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2019.

　　　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　　　Case Manager

---

prior complaint, the Court finds that it must, at a minimum, be re-filed and addressed specifically to the Second Amended Complaint. FCA remains free to file any motion in response to the Second Amended Complaint that it deems appropriate.

5